# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 19-00144-CG-N |
| | ) | |
| $67,500.00, more or less, in U.S. Currency, | ) ) | |
| | ) | |
| Defendant. | ) | |

## DEFAULT JUDGMENT OF FORFEITURE

This action comes before the Court upon the United States' Motion, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for entry of a Default Judgment of Forfeiture for the $67,500.00 in U.S. Currency (Defendant Funds), as well as against Fermin Munoz Guzman aka Fermin Munoz (Munoz), Miguel Angel Garay-Figueroa aka Garay Figueroa (Figueroa), Edwar G. Leiva (Leiva), Oscar A. Rodriguez-Gutierr (Gutierr), and Mily Enid Segarra-Ortiz aka Mily Segarra (Segarra) (collectively, Default Claimants).

The United States filed a verified complaint for civil forfeiture against the Defendant Funds pursuant to Title 21, United States Code, Section 881(a)(6), which subjects to civil forfeiture all money or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of the Controlled Substances Act, all

proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the Controlled Substances Act. The Defendant Funds, identified as a defendant in paragraph 4 of the verified complaint, are currently in the custody of the United States Marshal's Service. Docs. 1, 3 & 4.

Beginning on March 26, 2019, through and including April 24, 2019, the United States published notice of the present action on its official website, [www.forfeiture.gov](www.forfeiture.gov), as required by Supplemental Rule G(4)(a)(i) & (iv)(C) of the Federal Rules of Civil Procedure. Doc. 5.

Also, as documented at length in the United States' Motion for Entry of Clerk's Default, the United States made significant efforts to provide direct notice to Default Claimants and their counsel, The Portela Law Firm, P.C. Doc. 7, pp. 3 – 7; *see also* docs. 2 & 6. The United States received confirmation of delivery as to three of the Default Claimants (Leiva, Segarra and Gutierr) and Default Claimants' counsel, The Portela Law Firm, P.C. *Id*. However, the United States was unable to confirm receipt of delivery as to Default Claimants Munoz and Figueroa. *Id*.

For Munoz, the sole claimant in the administrative forfeiture proceeding, the United States attempted to directly notice him at two different addresses, each time by both certified mail (return receipt

2

requested) and regular U.S. first class mail.  Doc. 7, p. 8.  While the certified mail packages were returned to the United States without successful delivery, neither first class mail package was returned and may well have been delivered.  *Id*. at p. 9.  Also, the United States is not aware of a more current address for Munoz, and as stated above, his counsel, The Portela Law Firm, did receive notice from the United States in compliance with Rule G(4)(b)(iv).  *Id*.

Similarly, for Figueroa, the United States has made two attempts to provide notice, each time by both certified mail (return receipt requested) and first class mail.  Doc. 7, p. 9.  While neither attempt via certified mail appears to have been successful, the first class mail sent both times was not returned.  *Id*.  Those notice packages may well have been delivered.  *Id*.  As with Munoz and the other Default Claimants, his counsel, The Portela Law Firm, did receive notice from the United States.  *Id*.  Finally, since Figueroa disclaimed knowledge or ownership of the Defendant Funds both at the time of the traffic stop and by affidavit in the administrative proceeding, the notices sent to Figueroa were simply sent out of an abundance of caution by the United States.  Doc. 7 at p. 9.

All of the notice packages sent to the Default Claimants and The Portela Law Firm contained a Notice of Forfeiture Action and the Verified Complaint for Civil Forfeiture *in Rem*.  Doc. 9, p. 3.

The Notices of Forfeiture advised that, in order to contest the United States' civil forfeiture complaint, a claimant was required to file a claim in the United States District Court for the Southern District of Alabama no later than 35 days after the date the notice was sent, and file an answer no later than 21 days after filing a claim.  Docs. 2 & 6.  No one filed a claim, or otherwise appeared to contest the forfeiture, and the time to do so expired. Doc. 9, p. 4.

On September 3, 2019, the United States filed a motion for entry of default against the Defendant Funds and Defendant Claimants.  Doc. 7. On September 26, 2019, the Clerk entered the requested default against the Defendant Funds and Defendant Claimants.  Doc. 8.

Since default has been entered, the factual allegations of the United States' verified complaint are now deemed admitted concerning the Defendant Funds.  *See Giovanno v. Fabec,* 804 F.3d 1361, 1366 (11th Cir. 2015); *Grant v. Pottinger-Gibson,* 725 Fed. Appx. 772, 774 (11th Cir. 2018); and *United States v. Approximately $66,470,* Case No: 6:17-cv-2042-Orl-28KRS, 2018 WL 1525957, *2 (M.D. Fla. Mar. 13, 2018), <u>adopted and</u>

confirmed, 2018 WL 1524401, *1 (Mar. 28, 2018). Those factual allegations support a reasonable belief that the United States would be able to meet its burden of proof at trial as to the Defendant Funds under 18 U.S.C. § 983(c).

It is accordingly, hereby:

**ORDERED, ADJUDGED** and **DECREED** that the United States' motion is **GRANTED**,

It is FURTHER **ORDERED** that pursuant to Federal Rule of Civil Procedure 55(b)(2), judgment of default is hereby entered against the Defendant Funds and Defendant Claimants. Any further claims or statements of interest are time-barred.

It is FURTHER **ORDERED** that all right, title, and interest in the Defendant Funds is hereby forfeited to the United States of America, pursuant to 21 U.S.C. § 881(a)(6) and Federal Rule of Civil Procedure 55(b)(2), and clear title to the Defendant Funds is vested in the United States of America for disposition according to law.

DONE and ORDERED this 25th day of October 2019.

                                       /s/ Callie V. S. Granade
                                       SENIOR UNITED STATES DISTRICT JUDGE